NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 8 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRICELIA ZEPEDA ACEVEDO;
VALENTINA GUADALUPE ZEPEDA
ACEVEDO,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-72274

Agency Nos.   A202-153-726
              A202-153-727

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2019[**]
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and PREGERSON,[***] District Judge.

Petitioners Cricelia Zepeda Acevedo and her infant daughter, both natives

and citizens of Mexico, seek review of the Board of Immigration Appeals's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

("BIA") decision upholding the Immigration Judge's ("IJ") denial of their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and **deny** the petition with respect to Petitioners' asylum and withholding claims, **grant** the petition with respect to Petitioners' CAT claims, and **remand** to the BIA for further consideration of Petitioners' CAT claims.

1.    An applicant for asylum or withholding of removal can demonstrate membership in a "particular social group" for purposes of refugee status only if the applicant shows that the group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Whether a group qualifies as a "particular social group" is a question of law that we review de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

With respect to the first asserted social group, business owners who have opposed a criminal organization, Petitioners make no attempt to demonstrate either immutable characteristics or social distinction, and have failed to show that the proposed group is recognized by society as "a discrete class of persons." *Reyes*, 82 F.3d at 1134 (quoting *Matter of S–E–G–*, 24 I. & N. Dec. 579, 584 (BIA 2008)). With respect to the second proposed group, people who remain neutral in the

2                                                              17-72274

conflict between criminal organizations and community self-defense groups, Petitioners again fail to establish that the proposed group is defined with particularity or recognized by society as a discrete group.[1] The BIA did not, therefore, err in denying Petitioners asylum on the basis of membership in a particular social group.

2.  The BIA did not err in denying asylum on the basis of Petitioners' political opinion, namely, neutrality. *See Sangha v. INS*, 103 F.3d 1482, 1487–89 (9th Cir. 1997) (recognizing that political neutrality can be a political opinion under the under INA, but only if the neutrality was a "conscious choice" and was "sufficiently articulated" in an environment where "political neutrality is fraught with hazard").

3.  Having failed to demonstrate a well-founded fear of persecution on a protected ground, Petitioners necessarily fail to demonstrate that it is more likely than not that they will be persecuted on the basis of a protected ground. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). The BIA, therefore, did not err in denying Petitioners withholding of removal.

---

[1] We need not and do not, therefore, reach the question whether Petitioners' neutrality is an immutable characteristic "so fundamental to one's identity that a person should not be required to abandon it." *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1084 (9th Cir. 2013) (internal quotation and alteration omitted).

3                                                    17-72274

4. To obtain relief under the Convention Against Torture, an applicant need only show by a preponderance of the evidence that she would be tortured in the proposed country of removal, regardless of the reason why. 8 C.F.R. § 208.16(c)(2); *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). The torture must be inflicted "by or at the instigation of[,] or with the consent or acquiescence of[,] a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); *see also Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture *shall* be considered . . . ." 8 C.F.R. § 208.16(c)(3) (emphasis added). "[T]he failure of the BIA to consider evidence of country conditions constitutes reversible error where the Country Report has been submitted as evidence, it addresses the risk of torture, and the BIA does not even mention it." *Andrade v. Lynch*, 798 F.3d 1242, 1244 (9th Cir. 2015).

Here, Petitioners submitted a country report for Mexico that addresses torture, but the BIA did not mention the report.[2] Accordingly, we grant the petition

---

[2] Although the IJ does mention the report, he appears to conclude that although torture does occur in Mexico, it only occurs "at the hands of the authorities," and that Petitioners are not entitled to CAT relief because they did not specifically allege fear of persecution "at the hands of the authorities." Torture need not, however, be perpetrated by or "at the hands of" government officials to warrant CAT relief. 8 C.F.R. § 208.18(a)(1); *Zheng*, 332 F.3d at 1188. Torture instigated

17-72274

with respect to the CAT claims and remand to the BIA for further consideration of those claims, taking into account all relevant evidence, including the country report.

**PETITION FOR REVIEW GRANTED in part, DENIED in part, and REMANDED.**

Each party shall bear its own costs.

---

by, or inflicted with the acquiescence or consent of, government officials will suffice. *Id.*